CODDINGTON and others vs. TAPPAN and others.

1. Where, upon the dissolution of a partnership, its members form new firms, under agreement to apply the partnership assets in their hands to the payment of the debts of the old partnership, and one of the firms converts to their own use, or misappropriates such assets, or their conduct induces the conclusion that they have been or are likely to be untrue to the trust so reposed in them, the court will take the partnership assets out of their hands and place them in those of a receiver.

2. In such case, there must be evidence of bad faith on the part of such firm, before the court will appoint a receiver; mere loss of confidence in them is not sufficient.

On motion for receiver, on order to show cause.

*Mr J. W. Davis* and *Mr. C. Parker,* for complainants.

*Mr. A. A. Clark,* for defendants.

THE CHANCELLOR.

The bill in this cause was filed for an account and an injunction, and a receiver.

The parties, who had been co-partners in the lumber business at Plainfield and Bound Brook, from the 1st of April, 1872, under the firm name, at the former place, of Coddington, McNabb & Co., and at the latter, of Coddington, Tappan & Co., on the 1st of January, 1874, by written agreement to that end, dissolved their co-partnership. By the agreement all the assets of the co-partnership were pledged for the payment of its debts, and after satisfaction and cancellation of all the indebtedness, all the moneys were to be divided, as received between the partners, as therein specified. An account of stock was to be taken, from which a deduction of ten per cent. from the retail prices was to be made, and all fixtures, including sheds, barns, office, teams, &c., belonging to the partnership at Bound Brook, were to be taken by the suc-

cessors of the partnership there, and the like property at Plainfield, by the successors of the partnership at that place, at prices to be fixed by arbitration. The agreement provided for an interchange of lumber between the firms succeeding to the business, at the respective localities, until the opening of navigation. It was understood that the complainants would be the successors of the co-partnership at Plainfield, and the defendants at Bound Brook.

The bill states that the debts of Coddington, Tappan & Co. amounted to $31,052.63, and those of Coddington, McNabb & Co., to $17,448.35; and that the complainants had received on all accounts up to the 1st of January, 1875, $39,861.40; and up to that date had paid the indebtedness of Coddington, McNabb & Co. in full, and also $16,267.41, of the debts of Coddington, Tappan & Co; in the aggregate $33,715.76. It also states that they had, in addition, paid claims of the members of the co-partnership against it, and taken up and paid notes of the co-partnership to the amount in all of $7467.50; the total amount paid by them being $40,183.26, of which they had received on account of the firm of Coddington, Tappan & Co. $3443.79; the remainder of the $39,861.40, having been received on account of Coddington, McNabb & Co. The bill further states that the defendants have, in their hands, assets of the co-partnership to an amount greatly exceeding the capital contributed by them, and that they refuse to apply the moneys received by them to the payment of the co-partnership debts, but are applying them to their own use; and further that notes of Coddington, Tappan & Co., to the amount of $9269.66, with large arrears of interest, are lying protested for non-payment, in the Somerset County Bank, by which the complainants are held liable, and that the defendants refuse to pay them.

The bill alleges that the defendants refuse to meet the complainants to compare accounts of their receipts and payments on account of the co-partnership, with a view to effecting a settlement of the claims held by the bank, and that the defendants refuse to come to any account whatever with them.

The defendants, by their answer, make counter charges against the complainants of the like character with those made in the bill. They claim to be entitled to hold, according to the agreement, the property of the co-partnership now in their possession, but deny that they have converted any of it to their own use. They admit the indebtedness to the bank, and that they refuse to pay it; and also, that they have refused to meet the complainants for the purpose of endeavoring to effect a settlement in regard to those claims, as the complainants allege; but say they have proposed an arbitration as to all the matters in difference between them and the complainants, and have expressed their willingness, if their offer be accepted, to pay, "in the meantime," one-half of that indebtedness, if the complainants will pay the other half.

The application for a receiver must rest on the statements in the bill, that the defendants refuse to apply the partnership assets, in their hands, to the payment of the debt of the concern, and have converted them, or some of them, to their own use, and that they refuse to come to a settlement or account with the complainants. The charge of misappropriation of the assets is expressly and explicitly denied, and the defendants profess in the answer to account for all the assets of the co-partnership which they have received. The answer states that the account therein contained is a full, true, and correct account of all the moneys, goods, chattels or effects of any character or description, which the defendants, or either of them, have received for or on account of the firm of Coddington, Tappan & Co., or the firm of Coddington, McNabb & Co., and that they have disposed thereof as set forth in the account. The fact that the complainants have lost confidence in the defendants, relied upon by the complainants' counsel as sufficient ground for this motion, is, of itself, no reason for appointing a receiver. If the conduct of the defendants has been such as to induce the conclusion that they have been or are likely to be untrue to the trust reposed in them, the court would take the partnership effects out of their hands and place them in those of a receiver. But I find in the case as ex-

hibited by the bill and answer, no evidence of bad faith on the part of the defendants. It is true they have refused, for a reason which they give, to meet the complainants with a view to an effort to settle the differences between them; and it is also true that they appear to have refused to come to an account with the complainants. They express, however, their entire willingness to account in this court. They allege that they are entirely solvent and able to answer, pecuniarily, for all the property of the firm which has, or shall, come to their hands. The bill makes no allegation or charge as to the pecuniary responsibility of the defendants, and does not charge that they are, or are likely to be, insolvent.

The order to show cause will be discharged, with costs.